

ORDERED in the Southern District of Florida on October 28, 2024.



**Erik P. Kimball**
**Chief United States Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No: 22-12790-EPK |
| | Chapter 7 |
| EXCELL AUTO GROUP, INC., | |
|    Debtor. | |
| _____/ | |
| | |
| NICOLE TESTA MEHDIPOUR, as Chapter 7 Trustee for Excell Auto Group, Inc., | |
|    Plaintiff, | |
| v. | Adv. Proc. No. 24-01254-EPK |
| LIBERTAS FUNDING LLC; TVT DIRECT FUNDING LLC; TVT CAPITAL LLC; KINETIC DIRECT FUNDING, LLC, a New York Limited Liability Company; RANDY SALUCK; CRAIG PAUL; DAVID WAILL; MICHAEL THOMPSON; JESSICA PATROVIC; GARY KATCHER; NOBLE FINANCIAL CORP. d/b/a NOBLE FUNDING, a Florida domestic corporation; and MATTHEW COHEN, | |
|    Defendants. | |
| _____/ | |

**INITIAL ORDER ON**
**MOTIONS TO STAY PROCEEDINGS AND COMPEL ARBITRATION**

Page **1** of **5**

THIS CAUSE comes before the Court upon (1) the *Libertas Defendants' Motion to Stay Proceedings Pending Arbitration and to Compel Arbitration Pursuant to 9 U.S.C. §§ 3 and 4* [ECF No. 10] (the "Original Motion") and the response [ECF No. 29] and reply [ECF No. 43] thereto, and (2) the *Libertas Defendants' Renewed and Supplemental Motion to Stay Proceedings Pending Arbitration and to Compel Arbitration Pursuant to 9 U.S.C. §§ 3 and 4* [ECF No. 46] (the "Supplemental Motion") and the response [ECF No. 63] and reply [ECF No. 66] thereto.  The Libertas Defendants[1] filed the Supplemental Motion after plaintiff Nicole Testa Mehdipour, acting in her capacity as chapter 7 trustee for the estate of debtor Excell Auto Group, Inc., filed the *First Amended Complaint* [ECF No. 30].[2]  The Court will refer to the Original Motion and Supplemental Motion together as the "Arbitration Motions."

The Libertas Defendants argue that the debtor is a party to two agreements with Libertas Funding LLC and TVT Directing Funding, LLC (together, the "Agreements") that include arbitration provisions enforceable under the Federal Arbitration Act.  In the Arbitration Motions, relying on the Agreements, the Libertas Defendants move pursuant to sections 3 and 4 of the Federal Arbitration Act to stay certain counts of the first amended complaint and compel arbitration of other counts.

The trustee opposes the Arbitration Motions.  Among other things, the trustee argues that the debtor is not a party to either of the Agreements, including their arbitration provisions, as the only person who executed the Agreements allegedly on behalf of the debtor lacked authority to do so.

---

[1] The "Libertas Defendants" are Libertas Funding, LLC; TVT Direct Funding, LLC; Kinetic Direct Funding, LLC; Randy Saluck; Craig Paul; David Waill; Jessica Patrovic; Gary Katcher; and Michael Thompson.  Carolann Cocchiere was previously included in the list of Libertas Defendants but was removed as a defendant in this adversary proceeding. *See* ECF No. 32.

[2] The trustee filed a motion for leave to file a second amended complaint [ECF No. 75] and that motion is set for hearing.  Because the proposed second amended complaint reflects only minor changes not relevant to the Arbitration Motions, the Court's ruling on the Arbitration Motions will apply equally if the second amended complaint is permitted.

"The Federal Arbitration Act (FAA) 'reflects the fundamental principle that arbitration is a matter of contract.'" *Coinbase, Inc. v. Suski*, 144 S. Ct. 1186, 1192 (2024) (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U. S. 63, 67 (2010)). "[A]rbitrators derive their authority to resolve disputes only because the parties have agreed in advance to submit such grievances to arbitration." *AT&T Techs. v. Communs. Workers of Am.*, 475 U.S. 643, 648-49 (1986) (citation omitted). "[D]isputes are subject to arbitration if, and only if, the parties actually agreed to arbitrate those disputes." *Coinbase, Inc.*, 144 S. Ct. at 1191.

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." *AT&T Techs.*, 475 U.S. at 649 (citations omitted). Parties can agree to arbitrate "gateway" questions of "arbitrability" and such an agreement to arbitrate a gateway issue is also subject to the provisions of the Federal Arbitration Act. *Rent-A-Center, W., Inc.*, 561 U.S. at 68-70. But it is for the courts to decide the question of whether an arbitration agreement exists at all. *Bazemore v. Jefferson Capital Sys., LLC*, 827 F.3d 1325, 1329 (11th Cir. 2016) (citing *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)); *see also Chastain v. Robinson-Humphrey Co.*, 957 F.2d 851, 854-56 (11th Cir. 1992) (finding that it is for the court to determine whether a contract existed at all), *abrogated on other grounds by First Options of Chi., Inc.*, 514 U.S. at 938.

Here, the parties dispute whether the debtor is a party to the Agreements that include the arbitration provisions. The Court must decide this threshold issue. If the debtor is not a party to one or both of the Agreements, the trustee would not be bound and, to that extent, the Arbitration Motions must be denied. If the debtor is a party to one or both of the Agreements, then the Court must address the relevant relief requested in the Arbitration Motions.

The Libertas Defendants argue, citing *Bazemore*, that a summary judgment standard applies to motions to compel arbitration, that the trustee provided no evidence in support of her argument that the debtor did not enter into the Agreements, and that the Arbitration Motions should therefore be granted. In *Bazemore*, the 11th Circuit ruled that a court "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." 827 F.3d at 1333. But *"Bazemore* simply provides [] courts with the option of deciding whether an arbitration agreement exists as a matter of law using a summary judgment-like standard. It does not preclude [] courts from holding an evidentiary hearing to determine whether an arbitration agreement exists as a matter of fact, not as a matter of law." *Reiterman v. Abid*, 26 F.4th 1226, 1233 (11th Cir. 2022). The Court believes the issue would benefit from a full hearing, including presentation of all relevant documentation and live testimony. *See United States v. Certain Real & Pers. Prop. Belonging to Hayes*, 943 F.2d 1292, 1297 (11th Cir. 1991) ("A trial court is permitted, in its discretion, to deny even a well-supported motion for summary judgment, if it believes the case would benefit from a full hearing."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Kennedy v. Silas Mason Co.*, 334 U.S. 249 (1948)) (the Court has discretion to deny a motion for summary judgment "in a case where there is reason to believe that the better course would be to proceed to a full trial.").

Accordingly, it is ORDERED AND ADJUDGED as follows:

1. The Court will hold a hearing on November 20, 2024 at 10:00 a.m. to address scheduling an evidentiary hearing solely on the issue of whether the debtor is a party to one or both of the Agreements. The hearing will be held at the United States Bankruptcy Court, The Flagler Waterview Building, 1515 North Flagler Drive, 8th Floor, Courtroom B, West Palm Beach, Florida 33401. Counsel for the trustee and the Libertas Defendants are

encouraged to attend in person.

        2.        Although the Court will conduct the hearing in person, any interested party may choose to attend the hearing remotely using the services of Zoom Video Communications, Inc. ("Zoom"), which permits remote participation by video or by telephone. To participate in the hearing remotely via Zoom (whether by video or by telephone), you must register in advance no later than 3:00 p.m., one business day before the date of the hearing. To register, click on or enter the following registration link in a browser: https://www.zoomgov.com/meeting/register/vJIsduGsrTouGn7Udkhqe_ZF90qPJ3uM95E. If a party is unable to register online, please call Dawn Leonard, Courtroom Deputy, at 561-514-4143.

        3.        All participants (whether attending in person or remotely) must observe the formalities of the courtroom, exercise civility, and otherwise conduct themselves in a manner consistent with the dignity of the Court. This includes appropriate courtroom attire for those participants appearing in person or by video.

###

Copies Furnished To:
Robert C. Harris, Esq.

*Robert C. Harris, Esq. is directed to serve a conformed copy of this Order on all appropriate parties and file a certificate of service.*